J-S28004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JONATHAN JONES, | |
| Appellant | No. 2111 MDA 2014 |

Appeal from the Judgment of Sentence November 19, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001294-2014

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                          **FILED JUNE 15, 2015**

Jonathan Jones appeals from the judgment of sentence of ninety days to six months incarceration with a consecutive term of imprisonment of sixty days.  The trial court imposed the sentence after it convicted Appellant at a nonjury trial of: 1) driving under the influence of alcohol ("DUI")—general impairment--incapable of operating a vehicle safely with chemical testing refusal, 75 Pa.C.S. § 3801(a)(1); and 2) driving with a suspended license—DUI related, 75 Pa.C.S. § 1543(b)(1).  Appellate counsel has filed a petition seeking to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant the petition to withdraw and affirm.

On June 9, 2014, Appellant was charged with one count of driving under the influence of alcohol under 75 Pa.C.S. § 3802(a)(1) general impairment. The complaint indicated that the crime was a first offense. The complaint also contained three summary driving offenses. The affidavit of probable cause outlined that the four charges were premised upon the following.

On June 9, 2014, Pennsylvania State Trooper Donald Ament was dispatched to the scene of a vehicular accident at 5032 Molly Pitcher Highway South, Guilford Township. The crash was near the parking lot of Cebco Village Mart, a convenience store and gasoline station. The trooper saw a white GMC Sierra with a Maryland license plate located over an embankment. No driver was in the truck, and there was a can of beer in the front cup holder of the center console. Trooper Ament approached Appellant, who was standing outside of the store. Appellant said he was not operating the crashed vehicle, but two employees working at Cebco Village Mart refuted those representations. Appellant had the keys to the Sierra in his front pocket, smelled strongly of alcohol, and had bloodshot eyes. After he refused to perform field sobriety tests, Appellant was transported to Chambersburg Hospital to have his blood drawn for chemical testing. Appellant was given the appropriate warnings, but he refused to allow his blood to be drawn.

Appellant was granted bail and failed to appear for his preliminary hearing, which was held on July 8, 2014. At that proceeding, the charges were amended to include a violation of 75 Pa.C.S. § 1543(b)(1)—driving with a suspended license DUI-related. The complaint also was amended to include a charge that Appellant was driving the truck without a required interlock device, but that charge was subsequently withdrawn. *See* N.T. Trial, 11/14/14, at 80. A bench warrant was issued for Appellant's arrest on July 15, 2014. Appellant was detained and the warrant was vacated.

The criminal information was filed on August 20, 2014, and contained two counts. At count one, the Commonwealth alleged that Appellant committed DUI under § 3801(a)(1) in that he was unable to safely operate his vehicle due to ingestion of alcohol, and it also alleged that Appellant refused to submit to chemical testing. The information contained no allegation that the present offense was Appellant's second one. The DUI is delineated as an ungraded misdemeanor rather than a first-degree misdemeanor. At count two of the information, the Commonwealth charged Appellant with driving with a suspended license DUI-related. 75 Pa.C.S. § 1543(b)(1).

After a pre-trial conference, an order was entered setting this matter to proceed to a nonjury trial on November 14, 2014. The Commonwealth's proof at that proceeding was as follows. Teresa Stahl testified that she was employed by Cebco Village Mart, which was located on Molly Pitcher Highway

in Guilford Township. She was working with Timothy Lombardi the evening of June 8, 2014, in a shift that ended on June 9, 2014. It was raining. A little after midnight on June 9, 2014, Ms. Stahl and Mr. Lombardi were standing outside the front entrance of the store smoking cigarettes. Ms. Stahl saw a vehicle travel down the highway and attempt to turn into the Cebco Village Mart's parking lot. The truck entirely missed the entrance, slid sideways on the wet road, and traveled into a field next to the convenience store. The truck was airborne before it "hit into like a little gully." N.T. Nonjury Trial, 11/14/14, at 7.

The Sierra had a single occupant, the driver, whom Ms. Stahl identified at trial as Appellant. The eyewitness related that she actually observed Appellant exit the driver's side of the truck and that she knew that no one else was in the vehicle. She explained that the interior light of the truck came on when Appellant opened the door so she could view inside. Appellant exited the truck and unsuccessfully attempted to push it toward the gas pumps. Afterwards, Appellant started to walk toward the Cebco Village Mart. As Appellant approached them, Mr. Lombardi and Ms. Stahl went inside the store, and Mr. Lombardi telephoned the Pennsylvania State Police. Appellant, who was staggering, entered the store and asked Ms. Stahl and Mr. Lombardi to call for a tow truck. Mr. Lombardi falsely informed Appellant that one already had been summoned and to wait outside, and Appellant left the store.

A few minutes later, Appellant came back inside and asked for a cup of coffee, which Mr. Lombardi said he could have. Ms. Stahl reported that, in her opinion, Appellant was intoxicated in that he had an unsteady gait, slurred speech, and unstable coordination when obtaining his coffee. She also opined, based upon her observations of his behavior, that Appellant was incapable of safely operating a motor vehicle.

Mr. Lombardi testified consistently to Ms. Stahl. He identified Appellant as the driver of the crashed truck. Mr. Lombardi relayed that he was sure that Appellant was alone in the truck because the "dome light came on, and there was no one else in the vehicle that I could see." *Id*. at 22. Mr. Lombardi also saw Appellant exit the driver's seat, attempt to push the truck, and start to walk toward the store.

After Mr. Lombardi went inside and called the police, Appellant entered the store and requested a tow truck. Mr. Lombardi represented to Appellant that a tow truck was coming and told him to wait for it by his vehicle. Appellant exited the store briefly, returned to obtain a cup of coffee, and then left again. Appellant was waiting in the parking lot when police arrived. Mr. Lombardi opined that Appellant exhibited the same behavior observed by Ms. Stahl. Additionally, Mr. Lombardi testified that he was able to smell alcohol on Appellant's breath since he and Appellant were "within very close proximity of each other." *Id*. at 27. Mr. Lombardo also believed that Appellant was too drunk to safely operate his truck.

- 5 -

Trooper Ament testified as follows. Shortly after midnight on June 9, 2014, he received a report of a vehicular crash at the Cebco Village Mart and went to investigate. He looked into the truck but, since no one was inside, he walked to the entrance of convenience store, where Appellant was standing. Even though Appellant denied driving the disabled vehicle, he possessed the keys to the truck. Trooper Ament discovered the keys during a pat down search necessitated by the fact that Appellant refused to remove his hands from his pants pockets.

Trooper Ament also stated that Appellant smelled of alcohol, had slurred speech and bloodshot eyes, and was staggering and stumbling. Appellant would not perform field sobriety tests, was transported to a local hospital to have his blood drawn, and, after being given the applicable warnings, refused to have his blood tested. Trooper Ament opined that Appellant was incapable of safely operating a vehicle due to his intoxicated state. The Commonwealth introduced a certified copy of Appellant's driving record from Maryland. Appellant was suspended indefinitely from driving on June 1, 1989, for driving while under the influence of alcohol and due to numerous traffic violations.

Based on this evidence, the trial court found Appellant guilty of driving under the influence of alcohol—incapable of safely driving with refusal to give a blood sample for testing, and driving with a suspended license DUI-related.

Appellant was sentenced on November 19, 2014. The Commonwealth indicated that the maximum sentence that could be imposed on the DUI was six months imprisonment, and it requested a sentence of three to six months imprisonment on the DUI followed by ninety days on the driving with a suspended license charge. The court imposed a term of ninety days to six months incarceration on the DUI with a consecutive term of imprisonment of sixty days on the driving with a suspended license. Appellant filed a post-sentence motion raising one contention, which was that he was entitled to ten more days credit for time served. The court entered an order modifying the award of credit for time served to reflect the correct calculation. This appeal followed.

As noted, counsel has filed a petition to withdraw. Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

Herein, counsel filed a petition to withdraw. Appended thereto was a copy of the cover letter he sent to Appellant enclosing a copy of the brief filed herein and the petition to withdraw. Those documents indicate that counsel carefully and conscientiously examined the record, reviewed the issues and researched the law, found no issues of merit to raise, and concluded that the appeal was wholly frivolous. Counsel told Appellant that he "may choose to retain another attorney privately or you may choose to represent yourself in the appeal." Petition to Withdraw, 2/13/15, at Exhibit A. Thus, the procedural mandates for withdrawal were met.

We now examine whether the brief comports with the Supreme Court's dictates in *Santiago*, *supra*, which provides that

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, *supra* at 1032 (quoting *Santiago*, *supra* at 361).

Counsel's brief is sufficiently compliant with *Santiago*. It sets forth a factual and procedural summary of this case and establishes why Appellant's issues lack legal merit by citing to controlling legal authority. We now examine the merits of the issues raised and, after reviewing those

contentions, we will independently review the record in order to determine if counsel's assessment of the frivolity of the present appeal is correct. **Cartrette**, **supra**. These averments are raised on appeal:

> 1. Did the trial court err in granting the Commonwealth's motion to amend the criminal charges at the preliminary hearing?
>
> 2. Did the trial court err by denying Appellant's request for a trial by jury and by proceeding with a non-jury trial?
>
> 3. Did the trial court abuse its discretion when it imposed consecutive, rather than concurrent sentences which were not mandated by the Pennsylvania Sentencing Guidelines but rather by Appellant's race?

Appellant's brief at 8.

Preliminarily, we note that the trial court did not order a Pa.R.A.P. 1925(b) statement and did not author an opinion herein. We thus have no reasoning to examine in connection with disposition of the first two issues. We also are unable to discern whether Appellant's first two issues are preserved. Our review of the record fails to reveal an objection to the amendment of the complaint. Likewise, our review of the record reveals that no request for a jury trial was made in any record document. A nonjury trial was scheduled after the pretrial conference. At no point during the nonjury trial did Appellant object to proceeding nonjury.

We do note that Appellant could have objected to the addition of charges at the preliminary objection. Additionally, there was a pretrial conference held in this matter, and, thereafter, the matter was set for a

nonjury trial. Appellant could have requested a jury trial and objected to the altered charges at that proceeding. Hence, we are hesitant to find waiver herein, and will address the first two issues on the merits.

Appellant first argues that the charges were impermissibly amended after the preliminary hearing. We note that the charges were amended on July 8, 2014, to add a count of driving with a suspended license DUI-related 75 Pa.C.S. § 1543(b)(1), and a count of driving without a required interlock device. At that point, the information had not been filed. The information was filed on August 20, 2014 and included two counts: the DUI, general impairment with chemical testing refusal and driving with a suspended license, DUI-related. The interlock count was dropped, and it was not included in the information.

In arguing that the amendment of the criminal complaint was improper, Appellant references Pa.R.Crim.P. 564. That rule provides that a court may permit an information to be amended for "a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." The purpose of the rule not allowing the information to be altered so as to add an additional or different offense is "to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of

which the defendant is uninformed." ***Commonwealth v. Davalos***, 779 A.2d 1190, 1194 (Pa.Super. 2001).

In this case, the information was not amended and contained the charges for which Appellant was tried and convicted. We are aware of no authority preventing the Commonwealth from altering the charges in the information from those outlined in the criminal complaint and proceeding to trial solely on the counts in the information. Hence, we cannot find error in this respect.

Appellant next suggests that his request for a jury trial was improperly denied. In ***Commonwealth v. Kerry***, 906 A.2d 1237 (Pa.Super. 2006), we noted that a defendant is not entitled to a jury trial when the offense in question is a petty offense, which is defined as one that carries a maximum sentence of six months or less. We continued that a defendant's right to a jury trial is not triggered when he is "charged with multiple petty offenses, [and] the fact that the potential exists for an aggregate sentence exceeding six months' incarceration does not entitle such a defendant to a jury trial." ***Id***. at 1239-40. As noted by the Commonwealth at sentencing, Appellant's DUI charge carried a maximum penalty of six months imprisonment.

Appellant was found guilty of, "Driving Under the Influence, General Impairment, Incapable of Safe Driving—Blood Test Refusal, 75 Pa.C.S.A. § 3802(a)(1)." Verdict of the Court, 11/14/14, at 1. The court also found that the Commonwealth proved beyond a reasonable doubt that Appellant

- 11 -

refused to give a sample of blood for testing. *Id*. Hence, the grading of the present offense is set forth in 3803(b)(2), which states:

> 2) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has no prior offenses commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804.

75 Pa.C.S. § 3803(b)(2). *Kerry* applies and provides that Appellant did not have the right to a jury trial.

Appellant's final claim is that he was sentenced consecutively due to his race. Specifically, he maintains:

> Appellant believes there is nothing in the record to support the sentencing Court's decision to run his sentences consecutively and, therefore, the Court's only motivation for doing so had to have been Appellant's race. Appellant is African-American while all of the other persons present in the courtroom including the judge, counselors, witnesses, court reporter, affiant-and-tipstaff were Caucasian. Appellant therefore asks that his sentence be modified so that both sentences run concurrently.

Appellant's brief at 14.

This position relates to the discretionary aspects of Appellant's sentence. It is settled that "where defendant failed to raise" a discretionary-aspects-of-sentencing issue "at sentencing or in his post-sentence motion," the issue is waived. *Commonwealth v. Tejada*, 107 A.3d 788 (Pa.Super. 2015). Appellant's present position is waived since it was not raised either at sentencing or in a post-sentence motion.

- 12 -

We now must address a submission to this Court made by Appellant on February 17, 2015, and received by this Court on February 23, 2015. In that document, Appellant seeks the appointment of another public defender since present counsel is asking to withdraw. This request is governed by *Commonwealth v. Alberta*, 974 A.2d 1158 (Pa. 2009). Therein, the defendant petitioned our Supreme Court for the appointment of counsel. The defendant had pled guilty but mentally ill to several offenses and was sentenced. On direct appeal, court-appointed counsel moved to withdraw under *Anders* and filed an *Anders* brief. This Court "determined that the appeal was frivolous, granted counsel leave to withdraw, and affirmed the orders of the trial court." *Id*. at 1158.

In disposing of the defendant's request for the appointment of counsel, our Supreme Court held, "Appointed counsel who has complied with *Anders* and is permitted to withdraw discharges the direct appeal obligations of counsel. Once counsel is granted leave to withdraw per *Anders,* a necessary consequence of that decision is that the right to appointed counsel is at an end." *Id*. at 1159. The Court further observed that the rules of criminal procedure did not provide for the appointment of subsequent counsel after appointed counsel is granted leave to withdraw pursuant to *Anders*. Hence, our Supreme Court denied the defendant's request for appointment of counsel, and *Alberta* compels denial of Appellant's request for the appointment of new counsel.

As required by the case authority, we have conducted an independent review of the record and have concluded that there are no non-frivolous issues that can be raised in this appeal. Hence, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Petition of Ian M. Brink, Esquire, to withdraw as counsel is granted. The February 17, 2015 petition of Jonathan Jones for appointment of new counsel is denied. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015