J-A18040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNY ROBERT SANDS, | |
| Appellant | No. 1829 MDA 2015 |

Appeal from the Judgment of Sentence September 9, 2015
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000146-2015
CP-66-CR-0000221-2014
CP-66-CR-0000356-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.[1*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 07, 2016**

Appellant Kenny Robert Sands appeals from the judgment of sentence entered in the Court of Common Pleas of Wyoming County on September 9, 2015, following his open guilty plea to charges filed in three, separate dockets.  After a careful review of the record, we vacate Appellant's guilty plea to driving under the influence of alcohol ("DUI"),[2] vacate his judgment of sentence and remand for further proceedings.

The trial court summarized the relevant facts herein as follows:

> A criminal information was filed against [Appellant] and docketed to 2014-CR-221 alleging that on March 15, 2014 [Appellant] drove under the influence of alcohol in violation of 75

---

[1] 75 Pa.C.S.A. § 3802(c).

*Former Justice specially assigned to the Superior Court.

Pa.C.S.A. 3802(a)(1) and 75 Pa.C.S.A. 3802(c) and drove on roadways laned for traffic in violation of 75 Pa.C.S.A. 3309(1). Thereafter, another criminal information was filed against [Appellant] and docketed to 2014-CR-356 alleging that on August 23, 2014 and September 2, 2014 Defendant (1) manufactured, delivered or possessed with the intent to deliver Methamphetamine, 35 Pa.C.S.A. 13(a)(30); (2) possessed a controlled substance, namely Methamphetamine, 35 Pa.C.S.A. 13(a)(16); (3) possessed drug paraphernalia, namely an empty packet of Sudafed, a plastic pill grinder, several cans of Lye drain cleaner, several cans of starting fluid, several propane cylinders, a plastic container of suspected Ammonium Nitrate, for the purpose of introducing into the human body a controlled substance, namely Methamphetamine, 35 Pa.C.S.A. 113(a)(2); and (4) recklessly endangering another person, more specifically in throwing a hot liquid which splashed onto Raymond Fulton during the process of making Methamphetamine which resulted in the victim suffering burns requiring hospitalization, 18 Pa.C.S.A. 2705. Thereafter, a third criminal information was filed against [Appellant] and docketed to 2014-CR-146 alleging that on September 13, 2014 [Appellant] committed (1) criminal conspiracy to commit/possessing red phosphorous, etc. with intent to manufacture controlled substance by possessing a drug product or combination of drug products containing ephedrine, pseudoephedrine, or their salts, isomer, or salts of isomers for the purpose of manufacturing Methamphetamine, 18 Pa.C.S.A. 903(a)(1) and 35 Pa.C.S.A. 113.1(a)(3); (2) possession of controlled substance for possessing Methamphetamine, 35 Pa.C.S.A. 113(a)(16); and (3) possession of drug paraphernalia by possessing a drain opener, two boxes of Claritin-D, a container of salt, a digital scale, Rexall cold packs, coffee filters, pill ouch containers, plastic baggies and a plastic tub containing mason jars, for the purpose of introducing into the human body a controlled substance, namely, Methamphetamine, 35 Pa.C.S.A. 113(a)(32).

On August 24, 2015 [Appellant] appeared before this [c]ourt for a guilty plea as it pertains to docket 2014-CR-221, the driving under the influence offenses.[3] At the time of the

_____

[3] We note that an Order of Court filed on August 7, 2015, indicates Appellant "no longer wishes to proceed with the negotiated plea in the above matter" and that the case would remain on the trial list for August 24, 2015. **See**
*(Footnote Continued Next Page)*

guilty plea, both the attorney for the Commonwealth and [Appellant's] counsel indicated to the [c]ourt that they were unclear as to whether the charge of 75 Pa.C.S.A. 3802(c), tier III was [Appellant's] first or second offense. H.T. 8/24/15, p. 4. Counsel further indicated that they would "straighten that out at sentencing". H.T. 8/24/14 [sic], p. 5. An offer of proof was given by the Commonwealth which stated that on:

> March 15th of last year, in Meshoppen Township, Wyoming County, Pennsylvania, [Appellant] did drive or operate a motor vehicle on a public roadway after imbibing a sufficient amount of alcohol such that his BAC or blood alcohol level was .246 percent within two hours of driving and this [was][Appellant's] first or second offense.

H.T. 8/24/15, p. 14. Thereafter, this Court instructed [Appellant] as follows:

> [Appellant], understand that if you were to plead not guilty and proceed to trial, the Commonwealth would need to prove beyond a reasonable doubt the elements of the offense [with which] you were charged. In this case, it's driving under the influence of alcohol, the elements being that you did drive or operated or were in the physical control of the movement of a vehicle after you imbibed a sufficient amount of alcohol such that the concentration in your blood or breath was .16 or higher within two hours after you've drive, [sic] operated or been in the actual physical control of the movement of a vehicle. Based upon the pre-sentence report, it could be a tier III first offense, which is an ungraded misdemeanor. It has a mandatory minimum of seventy-two hours in prison, a maximum of six months in prison, a fine of not less than $1,000.00 nor more than $5,000.00, mandatory drug and alcohol treatment, and a twelve month license suspension. **If this is your second offense**, that would be tier III second, misdemeanor of the first degree, it's

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Order of Court, filed 8/7/15. The specific terms of that negotiated plea are not otherwise indicated in the certified record.

punishable by a maximum of five years in prison, a mandatory minimum of ninety days of prison, a fine of not less than $1,500.00 nor more than $10,000.00, mandatory drug and alcohol treatment, an eighteen month license suspension and a twelve month ignition interlock.

(emphasis added). H.T. 8/24/15, pp. 14-[1]5. The [c]ourt asked [Appellant] if he understood that the charge may be a tier III second offense, which has more severe penalties than a first offense and [Appellant] indicated that he did, in fact, understand. [Appellant] had previously pleaded guilty in cases 2014-CR-356 and 2014-CR-146.[4] A sentencing date on all three dockets was scheduled and held on September 9, 2015.

Prior to sentencing [Appellant], the Commonwealth made an oral motion to amend the criminal information to a second offense DUI. H.T. 9/9/15, p. 11.[5] An objection was raised by [Appellant]. *Id*. This Court granted the Commonwealth's motion because Defendant had been instructed on both a first and second offense DUI during his guilty plea *Id*. Defendant was then sentenced as follows:

**2014-CR-356: Possession of a Controlled Substance, an ungraded felony:**
Pay the cost of prosecution, pay a fine in the amount of $500.00, and restitution in the amount of $458.23 and be remanded to the Department of Corrections for confinement in a state institution for a period of not less than eighteen (18) months nor more than sixty (60) months and stand committed until the same is complied with. It was further ordered that [Appellant] shall obtain a drug and alcohol evaluation and shall follow any recommended treatment plans until

_____

[4] Appellant does not challenge the validity of those pleas herein.
[5] Immediately prior to the Commonwealth's motion, counsel for Appellant argued his belief the DUI charge should be sentenced as a first offense as it had been charged in the criminal information as a first offense. Rather than seek to withdraw Appellant's guilty plea, counsel indicated her belief that "that would be most likely be an issue to be dealt with upon appeal because he is well aware that at the time of his guilty plea, that he was instructed it could be a first or second offense." N.T. Sentencing, 9/9/15, at 7-8.

satisfactorily discharged and to submit himself for withdrawal of a sample for DNA analysis as required by law prior to his release from incarceration. [Appellant] was given credit for prior confinement in the amount of 361 days.

**2014-CR-146: Possession of a Controlled Substance, an ungraded misdemeanor:**
Pay the cost of prosecution, pay a fine in the amount of $500.00, and be remanded to the Department of Corrections for confinement in a state institution for a period of not less than six (6) months nor more than twelve (12) months and stand committed until the same is complied with. It was further ordered that this sentence shall be served consecutive to the sentence imposed by the Court in docket 2014-CR-356.

**2014-CR-221: DUI tier III, second offense, BAC .264 percent, a misdemeanor of the first degree:**
Pay the cost of prosecution, pay a fine in the amount of $1,500.00 and be remanded to the Department of Corrections for confinement in a state institution for a period of not less than twelve (12) months nor more than twenty four (24) months and stand committed until the same is complied with. It was further ordered that [Appellant] shall obtain a drug and alcohol evaluation and shall follow all recommended treatment plans until satisfactorily discharged. It was further ordered that upon eventual restoration of [Appellant's] operating privileges by the Pennsylvania Department of Transportation that he shall be subject to the requirements of Act 42 Ps-PSA 7001, et seq. The sentence shall be served consecutive to the sentence imposed by the [c]ourt for docket 2014-CR-146. It was further ordered that [Appellant] shall not be eligible for an RRI minimum sentence due to his past criminal record. Total aggregate sentence in the matter, thirty six (36) months to ninety (90) months in a state correctional facility.

H.T. 9/9/15, pp. 12 -5.[6]

Trial Court Opinion, filed 12/9/15, at 1-4.

On September 21, 2015, Appellant filed a timely "Post-Sentence Motion for Reconsideration of Sentence," and the trial court denied the motion that day. In his post-sentence motion, Appellant argued, *inter alia*, that while he had been sentenced on the DUI charge as a tier III second offense, it should have been treated as a first offense as it originally had been charged at the time he entered his guilty plea. Appellant further averred the offense occurred prior to December 26, 2014, the effective date of the amendment to 75 Pa.C.S.A. § 3806(b) pertaining to the counting of prior DUI offenses for mandatory sentencing purposes; thus, he reasoned that the trial court's permitting the Commonwealth to amend the criminal information at sentencing resulted in a sentence which violated his rights under the *ex post facto* clause of the constitution of the United States. **See** Post-Sentence Motion for Reconsideration of Sentence at 1-3.

On October 16, 2015, Appellant filed a timely notice of appeal and following the trial court's Order of October 26, 2015, pursuant to Pa.R.A.P. 1925(b), he filed his statement of errors complained of on appeal on

---

[6] In its Order of Court entered on November 18, 2015, the trial court ordered that its sentencing order of September 9, 2015, should be amended to read "[t]otal aggregate sentence in this matter is thirty-six (36) months to ninety-six (96) months in a state correctional facility" and that it shall remain in full force an effect in all other respects.

November 16, 2015.[7]   On December 9, 2015, the trial court issued its

Opinion pursuant to Pa.R.A.P. 1925(a).

In his brief, Appellant presents the following issues for this Court's

review:

**ISSUE 1:**

Whether enactment of <u>2014 Pa.ALS 189, 2014 Pa.Laws 189, 2013 Pa.SB 1239, 2014 Pa.ALS 189, 2014 Pa.Laws 189, 2013 Pa.SB 1239</u> resulted in an illegal sentence and unlawful denial of a right to a jury trial where the relevant offense was committed prior to enactment, such that [Appellant] was subject to constitutional deprivations by the Commonwealth, including the lack of available option for jury trial on 2014-CR-221 because the criminal information was amended to a Second Offense DUI only after guilty plea and on the day of sentencing. [Appellant] was not entitled to jury trial on First Offense DUI pursuant to <u>Commonwealth v. Kerry</u>, 2006 PA Super 233, 906 A.2d 1237, 1239-40 (Pa.Super. 2006). See also: <u>Commonwealth v. Spence</u>, 2015 Pa.Super. Unpub.LEXIS 4568, *1 (Pa.Super.Ct. 2015).

**ISSUE 2:**

---

[7] We note that Appellant's statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925 spans six pages and includes a relatively lengthy and unnecessary recitation of facts which largely mirrors that which he presented in his post-sentence motion. Pa.R.A.P. 1925 provides that a concise statement shall "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). In addition, "[t]he statement should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). In the future, counsel is advised to be mindful of these provisions when drafting a concise statement of errors complained of on appeal.

Whether the application of Article I, Section 17 of the Pennsylvania Constitution, which prohibits ex post facto laws and the Constitution of the Unites States also prohibiting ex post facto laws, renders the post-guilty plea amendment of the information illegal and thus the sentences issued in 2014-CR-356; 2015-CR-1436; 2014-CR-221 illegal.
Brief of Appellant at 4-5.

Brief of Appellant at 4-5.

Pa.R.Crim.P. 591(A) provides that at any time before a defendant's sentence is imposed the trial court may, in its discretion, permit either upon motion of the defendant or direct *sua sponte* the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty. Pa.R.Crim.P. 591(A). **See also Commonwealth v. Unangst**, 71 A.3d 1017, 1020 (Pa.Super. 2013). After a sentence has been entered, a guilty plea may be withdrawn only if there is a manifest injustice requiring its withdrawal; manifest injustice is established where a defendant did not enter his plea knowingly or voluntarily. **Commonwealth v. Lenhoff**, 796 A.2d 338, 341 (Pa.Super. 2002). A defendant who pleads guilty waives all claims except lack of jurisdiction, validity of the plea and legality of the sentence. **Commonwealth v. Tareila**, 895 A.2d 1266, 1267 (Pa.Super. 2006). Appellant's argument in support of his claim he should be permitted to withdraw his guilty plea centers around the premise that the "11[th] hour post-guilty plea amendment to the criminal information is constitutionally invalid." Brief of Appellant at 8. This allegation implicates both the validity of his guilty plea and the legality of his sentence.

Initially, we note that in order to preserve an issue related to the guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise rais[e] the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 (Pa. Super. 2006) (citation omitted). Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal. *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa.Super. 2003). Herein, while counsel did not specifically phrase his challenge in terms of his guilty plea in his post-sentence motion, in response to the trial court's allowing the Commonwealth to amend the criminal information at the sentencing hearing, defense counsel objected on the basis that Appellant had already entered a plea. N.T. Hearing, 9/9/15, at 11. As such, we find he has preserved a challenge to his guilty plea for our review.

The law in this Commonwealth is clear that manifest injustice occurs when a plea of guilty is entered either involuntarily or without knowledge of the offense charged. *Commonwealth v. Campbell*, 455 A.2d 126, 128 (Pa.Super. 1983). To be knowingly and intelligently entered, a guilty plea must be preceded by a colloquy which demonstrates that the accused is fully cognizant of the nature and elements of the offense charged. *Commonwealth v. Moser*, 921 A.2d 526, 529 (Pa.Super. 2007). The accused must also be informed accurately of the permissible range of the sentence which may be imposed for the charged offense. Failure to satisfy

those requirements will, in most cases, require that a defendant be permitted to withdraw a plea of guilty. ***Commonwealth v. Kulp***, 476 Pa. 358, 361, 382 A.2d 1209, 1211 (1978).

Our Supreme Court and this Court have examined the impact of the dissemination of inaccurate information regarding sentencing possibilities upon the validity of a guilty plea. ***See Commonwealth v. Persinger***, 532 Pa. 317, 615 A.2d 1305 (1992); ***Commonwealth v. Carter***, 540 Pa. 135, 656 A.2d 463 (1995); ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super. 2002); ***Commonwealth v. Lenhoff***, 796 A.2d 338, 341 (Pa.Super. 2002). Specifically, in ***Commonwealth v. Barbosa***, 819 A.2d 81 (Pa.Super. 2003) this Court held that if a defendant had been unaware of or misled about the penalty to which he was subject, he must be permitted to withdraw his guilty plea if the lack of knowledge or mistaken belief was material to his decision to enter the plea. Such a determination is both fact and case specific. ***Id***. at 83.

Herein, the totality of Appellant's written guilty plea colloquy filed on August 24, 2015, reads as follows:

> AND NOW, <u>August 24, 2015</u>, comes [Appellant] being arraigned, and pleads <u>Guilty</u> to:
>
> Driving Under the Influence of Alcohol 75 Pa.C.S.A. 3802(c) M, Tier III .246 **First** Offense
>
> **OR**
>
> Driving Under the Influence of Alcohol 75 Pa.C.S.A. 3802(c) M-1, Tier III .246 **Second** Offense

- 10 -

[Appellant] enters this plea, knowingly, intelligently and voluntarily.

Guilty Plea, filed 8/24/15 (emphasis in original). Despite the fact a statement that he entered his plea "knowingly intelligently and voluntarily" appears immediately above his signature, this single-page colloquy nowhere indicates Appellant had been aware of the various rights to which he was entitled or any attendant benefits of his pleading guilty. Moreover, there is no indication that the necessary conditions had been satisfied such that his offense may have been deemed a second one. As such, Appellant's signature following the aforementioned language establishes only that he was informed on August 24, 2015, he was pleading guilty to a violation of 75 Pa.C.S.A. 3802(c) whose grading was uncertain.

In addition, it is undisputed that Appellant tendered a plea of guilty on the record at the guilty plea hearing to a crime that had been charged in the initial criminal information as a first offense DUI, even though the trial court informed him his offense, hypothetically, could be graded at some unspecified time as either a first or second offense. Importantly, the trial court specified that "[based] upon the pre-sentence report, it could be a tier III first offense, which is an ungraded misdemeanor." N.T. Hearing, 8/24/15, at 14. After informing Appellant of the applicable mandatory minimum and maximum sentence for a first offense, the trial court proceeded to instruct Appellant as to the possible penalties "*[i]f* this is [his]

second offense." *Id*. at 14-15 (emphasis added). Even though at the conclusion of the hearing the trial court indicated the PSI report had not been completed, its earlier words reasonably could have led Appellant to believe his DUI charge would be deemed a first offense thereunder especially in light of the fact that the order of August 7, 2015, indicates there at one time was a negotiated plea deal which may or may not have accounted for this charge as being considered a first offense.

In light of the foregoing, both the written guilty plea and oral colloquy of August 24, 2015, establish merely Appellant's awareness that his offense would be **either** a tier III first offense **or** a tier III second offense for sentencing purposes and the mandatory minimum sentences applicable to each; however, such knowledge is critical to informing Appellant's decision to plead guilty. Thus, at the time he pled guilty to DUI, Appellant had only an abstract appreciation of the crime with which he had been charged and the possible range of sentences the trial court may impose, for the trial court permitted the Commonwealth to amend the criminal information to make Appellant's DUI a second offense only moments before it imposed its sentence. Hence, we find the plea negotiations were tainted at the outset due to counsels' and the trial court's incertitude regarding the severity of the charge to which Appellant was entering his plea. In this regard, this Court has observed that:

> A knowing and voluntary guilty plea must provide the
> opportunity to a defendant to assess his chances of obtaining a

reduced sentence as opposed to going to trial. A defendant may well take his chances at trial rather than entering a guilty plea if he is made aware that entering a guilty plea will require imposition of a ... mandatory minimum sentence by the court.
. . . [A] conditional statement regarding the potential applicability of mandatory sentencing provisions to Appellant's sentence is not sufficient to remedy the Commonwealth's failure to fully inform Appellant, prior to his guilty plea, that the mandatory minimum sentencing provision was being invoked in his case. Accordingly, Appellant's guilty plea was deficient.

***Commonwealth v. Broaden***, 980 A.2d 124, 130 (Pa.Super. 2009) (citations and footnote omitted).

In its opinion, the trial court explains it had granted the Commonwealth's motion to amend the criminal information "because [Appellant] had been instructed on both a first and second offense DUI during the guilty plea" and was made aware that the criminal information "could be" so amended. Trial Court Opinion, filed 12/9/15, at 3, 7. The court concludes that because Appellant had been instructed on the both a first and second offense DUI during his guilty plea, the plea was proper. ***Id***. In doing so, the trial court conflates Appellant's being conditionally instructed as to both a first and second offense with a voluntary and knowing plea to a second offense DUI. However, the issue of whether the DUI had been Appellant's first or second offense was crucial, for the former charge is an ungraded misdemeanor and the latter constitutes a misdemeanor of the first degree. As such, the penalties for each crime vastly differ. Indeed, the trial court further indicates that based on "new information" revealed after the probation department's investigation that

- 13 -

Appellant had a prior DUI out-of-state conviction, it permitted the Commonwealth to amend the criminal information at the time of sentencing.[8]   Trial Court Opinion, filed 12/9/15, at 6.  Its own admission that it relied upon information not available at the time of Appellant's guilty plea when permitting the Commonwealth to amend the criminal information, over objection, is further evidence of the lack of certainty among Appellant, counsel and the trial court when Appellant entered his plea to a DUI offense on August 24, 2015.

For the foregoing reasons, we vacate Appellant's guilty plea to the DUI charge only.  However, because Appellant had pled guilty in two other matters for which he was sentenced consecutively along with his DUI case and vacating Appellant's guilty plea and resultant sentence for DUI may

_____

[8] Both the trial court and the Commonwealth at times erroneously reference the procedural posture of the instant matter.  For one, the trial court states that "following [A]ppellant's trial, but prior to sentencing, a probation department investigation revealed that [A]ppellant had a prior DUI conviction from out of state." Trial Court Opinion, filed 12/9/15, at 6.  In addition, while Appellant objected to the amendment of the criminal information on the basis that he had entered a guilty plea, the Commonwealth responded that he had not yet been convicted, a position the trial court seemed to credit. N.T. Hearing, 9/9/15, at 11. This observation ignored the fact that when accepted and entered by a court, a plea of guilty is the equivalent of a conviction following trial because a "plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial-a waiver of his right to trial before a jury or a judge" *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468–69, 25 L.Ed.2d 747 (1970).

upset the overall sentencing scheme, we vacate the entire judgment of sentence and remand for resentencing on the remaining charges and to permit Appellant to withdraw his guilty plea and proceed to trial on the DUI charge. **See Commonwealth v. Conaway**, 105 A.3d 755, 765 (Pa.Super. 2014).[9]

Guilty plea to DUI vacated.  Judgment of sentence vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

P.J.E. Bender joins the memorandum.

P.J.E. Ford Elliott notes dissent.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2016

---

[9] Because we have vacated his guilty plea and judgment of sentence and remanded for further proceedings, we express no opinion as to whether Appellant's DUI offense should be graded as a tier III, first or second offense.