**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Timothy Craig KERRY, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 2006.

Filed Aug. 23, 2006.

Joseph V. Charlton, Butler, for appellant.

Randa B. Clark, Asst. Dist. Atty., Butler, for Com., appellee.

BEFORE: DEL SOLE, P.J.E., ORIE MELVIN and COLVILLE *, JJ.

* Retired Senior Judge assigned to the Superior Court.

OPINION BY ORIE MELVIN, J:

¶ 1 Appellant, Timothy Craig Kerry, appeals from the judgment of sentence imposed following a non-jury trial wherein Appellant was found guilty of driving under the influence (DUI) and related summary offenses.[1] On appeal, he challenges the trial court's denial of his claimed right to a jury trial and the sufficiency of the evidence. After review, we affirm.

¶ 2 The trial court summarized the facts as follows:

Patrolman Alan Mores, of the Butler Township Police, testified that on March 1, 2005, shortly after midnight, he was in his patrol vehicle traveling westbound on U.S. Route 422 in Butler Township approaching the intersection with Greenwood Drive. [Patrolman] Mores observed two ATV quad vehicles traveling eastbound on Rte. 422, and subsequently make a right turn onto Greenwood Drive. [Patrolman] Mores followed the ATV tracks down Greenwood Drive, across Benbrook Road, and into the parking lot of the Rock Ann Haven, a local bar and grille. [Patrolman] Mores, testified that he observed two men in heavy clothing and helmets walking away from the ATVs headed toward the bar. [Patrolman] Mores identified the [Appellant], and testified that upon asking him for identification, he could detect the odor of an alcoholic beverage on [Appellant's] breath, and that his eyes were glassy and bloodshot. [Patrolman] Mores testified that the [Appellant's] companion became belligerent towards him, and thus [he] decided to conduct a pat-down search for his safety [and that] of both gentlemen. During the frisk of [Appellant], [Patrolman] Mores discovered four cans of Michelob beer. Subsequently, [Patrolman] Mores arrested [Appellant] for DUI. [Subsequently, Appellant] refused to submit to chemical testing.

Trial Court Opinion, 12/13/05, at 2–3.

¶ 3 Prior to the start of trial on October 27, 2005, Appellant made an oral motion for a jury trial. The Commonwealth objected, contending that there was no right to a jury trial based on the charges which precluded incarceration of greater than six months. The trial court agreed and denied the motion. Appellant was subsequently found guilty of DUI and related summary offenses and sentenced to six months of Intermediate Punishment, with the first seven days to be served on house arrest with electronic monitoring, plus fines. This appeal followed.[2]

¶ 4 Appellant presents the following questions for our review:

A. WHETHER THE DEFENDANT HAS A RIGHT TO A JURY TRIAL UNDER ARTICLE 1, SECTION 6 AND ARTICLE 1, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION FOR THE OFFENSE OF DRIVING UNDER THE INFLUENCE/GENERAL IMPAIRMENT INCAPABLE OF SAFE DRIVING–REFUSAL–FIRST OFFENSE (75 PA.C.S. § 3802(A)(1))?

B. WHETHER THE COMMONWEALTH'S EVIDENCE FAILED TO PROVE EACH ELEMENT OF THE ALLEGED OFFENSE BEYOND A REASONABLE DOUBT, AND WAS THUS INSUFFI-

1. 75 Pa.C.S.A. §§ 3802(a)(1), 7721(a) and 7726(a)(3), respectively.

2. After the notice of appeal was filed, the trial court directed Appellant to file a concise statement pursuant to Rule 1925(b), and Appellant complied on December 12, 2005. The trial court filed its Rule 1925(a) opinion on December 13, 2005.

CIENT TO CONVICT THE DE-
FENDANT?

Appellant's brief, at 4.

¶ 5 Appellant first submits that although the maximum incarceration for a first offense under 75 Pa.C.S.A. § 3802(a)(1), with a refusal to submit to chemical testing, is no more than six months, this conviction severely affects subsequent convictions under the statute. Therefore, he argues that the offense should be considered serious in the constitutional sense and entitles him to a jury trial. We disagree.

¶ 6 "The test is clear. The decisions of the Supreme Court of the United States 'have established a fixed dividing line between petty and serious offenses: those crimes carrying [a sentence of] more than six months [ ] are serious [crimes] and those carrying [a sentence of six months or] less are petty crimes.' " ³ *Commonwealth v. Mayberry*, 459 Pa. 91, 98, 327 A.2d 86, 89 (1974) (quoting *Codispoti v. Pennsylvania*, 418 U.S. 506, 512, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974)). It is well-settled that a legislature's determination that an offense carries a maximum prison term of six months or less indicates its view that an offense is "petty." *Blanton v. North Las Vegas*, 489 U.S. 538, 543, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). As further explained in *Blanton,*

> It has long been settled that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision. In determining whether a particular offense should be categorized as petty, our early decisions focused on the nature of the offense and on whether it was triable by a jury at common law. In recent years, however, we have sought more objective indications of the seriousness with which society regards the offense. [W]e have found the most relevant such criteria in the severity of the maximum authorized penalty. In fixing the maximum penalty for a crime, a legislature include[s] within the definition of the crime itself a judgment about the seriousness of the offense. The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task, and [is] likewise more responsive to changes in attitude and more amenable to the recognition and correction of their misperceptions in this respect.

*Id.* at 541–542, 109 S.Ct. 1289 (internal quotation marks and citations omitted).

¶ 7 As set forth above, we determine whether an offense is serious by looking to the judgment of the legislature, primarily as expressed in the maximum authorized term of imprisonment. Here, by setting the maximum authorized prison term at six months,⁴ the Legislature categorized the violation of § 3802(a)(1) as petty for purposes of a defendant's jury trial rights. This categorization is not affected by the potential for a defendant to be subject to increased incarceration for a subsequent DUI offense. Much like a defendant charged with multiple petty offenses, the fact that the potential exists for an aggregate sentence exceeding six months' incarceration does not entitle such

---

3. Although apparently quoting from *Codispoti, infra,* we note that the *Mayberry* court deleted the bracketed wording which we reinserted for the sake of clarity. Unfortunately, this misquoting of *Codispoti* has been carried forward in other decisions and has led to the misstatement that "the right to a jury trial attaches at the time that a person is charged with a crime that carries with it a maximum penalty of **six months or more** in jail." *Commonwealth v. Hargraves*, 883 A.2d 616, 620 (Pa.Super.2005)(emphasis added). *See also, Commonwealth v. Appel*, 438 Pa.Super. 214, 652 A.2d 341, 342 (1994) (same).

4. *See* 75 Pa.C.S.A. § 3804(c)(1) (relating to penalties).

a defendant to a jury trial. *See Lewis v. United States*, 518 U.S. 322, 327, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996) (stating "The fact that petitioner was charged with two counts of a petty offense[, and therefore faced an aggregate potential prison term greater than six months,] does not revise the legislative judgment as to the gravity of that particular offense, nor does it transform the petty offense into a serious one, to which the jury trial right would apply."). Moreover, applying these principles in *Blanton*, the United States Supreme Court found that first-time DUI offenders, where the maximum authorized prison sentence does not exceed six months, are not entitled to a jury trial. In reaching this decision, the Court further noted that "we ascribe little significance to the fact that a DUI offender faces increased penalties for repeat offenses. Recidivist penalties of the magnitude imposed for DUI are commonplace and, in any event, petitioners do not face such penalties here." *Blanton*, 489 U.S. at 545, 109 S.Ct. 1289.

¶ 8 Appellant also argues that, unlike the United States Constitution, Article 1, Section 6 of the Pennsylvania Constitution contains the word "inviolate" when referring to the right to a jury trial and therefore should be interpreted more broadly so as to afford defendants the right to a jury trial. We cannot agree. What Appellant fails to recognize is that our Supreme Court's decision in *Mayberry, supra*, at 97 n. 9, 327 A.2d at 89 n. 9, also considered Article 1, Sections 6 and 9 of the Pennsylvania Constitution in applying the fixed dividing line test articulated by the United States Supreme Court. Despite differences in the language of the United States and Pennsylvania constitutional provisions, both provisions have been interpreted to guarantee the right to a jury trial in a criminal matter only as it existed at common law. Thus, there is no constitutional right to trial by jury for "petty" offenses.

Consequently, this argument is likewise unavailing. It was not error, therefore, to deny Appellant a jury trial.

¶ 9 Appellant's final claim challenges the sufficiency of the evidence. "Our well-settled standard of review when evaluating a challenge to the sufficiency of the evidence mandates that we assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner." *Commonwealth v. Salamone*, 897 A.2d 1209, 1213 (Pa.Super.2006) (citation omitted). We must determine whether there is sufficient evidence to enable the fact finder to have found every element of the crime beyond a reasonable doubt. *Commonwealth v. Clark*, 895 A.2d 633, 634 (Pa.Super.2006) (citation omitted).

> In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.*

¶ 10 Appellant was charged with and convicted of driving under the influence of

alcohol under 75 Pa.C.S.A. § 3802(a)(1) which provides:

§ 3802. **Driving under influence of alcohol or controlled substance**

(a) **General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1). Thus, the Commonwealth must to prove: (1) that defendant was operating a motor vehicle, (2) after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving. Appellant does not dispute the first element. Rather, he contends that the evidence was insufficient to establish that he imbibed a sufficient amount of alcohol to render him incapable of safe driving.

¶ 11 As this Court noted with respect to the predecessor statute [5] to 3802(a)(1),

[t]o establish that one is incapable of safe driving ... the Commonwealth must prove that alcohol has substantially impaired the normal mental and physical faculties required to operate the vehicle safely; "substantial impairment" means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions.

*Commonwealth v. Gruff*, 822 A.2d 773, 781, (Pa.Super.2003), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004). "[The] meaning [of substantial impairment] is not limited to some extreme condition of disability." *Commonwealth v. Griscavage*, 512 Pa. 540, 545, 517 A.2d 1256, 1258 (1986). Section 3802(a)(1), like its predecessor, "is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving." *Commonwealth v. Loeper*, 541 Pa. 393, 402–403, 663 A.2d 669, 673–674 (1995).

¶ 12 Upon review, we find there was sufficient evidence to sustain the Appellant's conviction for driving under the influence of alcohol pursuant to 75 Pa.C.S.A. § 3802(a)(1). Appellant's actions in illegally operating an ATV on a highway on snow covered roads evidenced a diminution or enfeeblement in his ability to exercise judgment. Furthermore, Patrolman Mores testified that Appellant had concealed on his person four cans of beer, exhibited signs of intoxication including bloodshot and glassy eyes, slurred speech, and an odor of alcohol. He also refused to submit to a breath test. From such evidence the trier of fact could reasonably infer that alcohol had substantially impaired Appellant's normal mental and physical faculties required to operate the vehicle safely. *See Gruff, supra* (finding conviction for DUI under former statute was supported by evidence of his bloodshot eyes, smell of alcohol, inappropriate responses, refusal to take a blood test, and driving at a high rate of speed); *see also, Commonwealth v. O'Bryon*, 820 A.2d 1287 (Pa.Super.2003) (holding that evidence supported defendant's conviction under

---

5. Section 3802(a)(1) became effective on February 1, 2004, and is similar, but not identical, to former 75 Pa.C.S.A. § 3731(a)(1), which provided:

§ 3731. **Driving under influence of alcohol or controlled substance**

(a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances.

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

1242

§ 3731(a)(1) where officer testified that defendant ran her car into parked car and left scene, and where defendant was confused and staggering, had alcohol on breath, and could not maintain balance); *Commonwealth v. Leighty*, 693 A.2d 1324 (Pa.Super.1997) (holding evidence of glassy and bloodshot eyes, admittance of alcohol consumption, failure of two field sobriety tests and minor accident before arrest was sufficient to support conviction for driving under the influence of alcohol under former § 3731(a)(1)); *Commonwealth v. Feathers*, 442 Pa.Super. 490, 660 A.2d 90 (1995), *affirmed*, 546 Pa. 139, 683 A.2d 289 (1996) (finding evidence was sufficient to sustain conviction under § 3731(a)(1), where defendant had glassy eyes and slurred speech, staggered as she walked, smelled of alcohol and failed field sobriety tests, notwithstanding absence of evidence of erratic or unsafe driving); *Commonwealth v. Rishel*, 441 Pa.Super. 584, 658 A.2d 352 (1995) (holding evidence sufficient to sustain conviction under § 3731(a)(1), where defendant smelled of alcohol, appeared confused, was involved in an automobile accident, failed two field sobriety tests and admitted to consuming two 16-ounce beers) *vacated on other grounds*, 546 Pa. 48, 682 A.2d 1267 (1996).

¶ 13 Judgment of sentence affirmed.