**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KELLEN PATRICK PHELAN | |
| Appellant | No. 1358 EDA 2016 |

Appeal from the Judgment of Sentence dated April 5, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003469-2015

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 07, 2017**

Appellant Kellen Patrick Phelan appeals from the judgment of sentence imposed after he was convicted of driving under the influence (DUI) — general impairment, exceeding the maximum speed limit, and disregarding a traffic lane.[1] Appellant challenges the denial of his motion to suppress and the sufficiency of the evidence to prove DUI. We affirm.

The trial court set forth the facts of this case as follows:

On December 19, 2007 at approximately 2:00 a.m., Corporal John T. Malone of the Pennsylvania State Police was on patrol in full uniform in a marked State Police unit traveling southbound on Route 202 in Concord Township, Delaware County, Pennsylvania. Corporal Malone began following a vehicle in front of him that he believed was exceeding the speed limit. [Corporal Malone saw the vehicle drift to the left two times, with at least

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1), 3362, and 3309(1).

half of the vehicle entering the left lane. N.T., 12/9/15, at 20.] Corporal Malone, a twenty-two-year veteran of the Pennsylvania State Police, clocked the vehicle traveling 65 miles per hour in a properly posted 45 miles per hour zone. The vehicle was followed for 0.7 miles and the speed was clocked for over 0.3 miles with a certified speedometer. After following the vehicle for 0.7 miles, Corporal Malone pulled the vehicle over for speeding.

Corporal Malone approached the vehicle to request the driver provide identification and registration information. Immediately upon arriving at the vehicle, Corporal Malone smelled a strong odor of alcohol coming from the vehicle. Corporal Malone asked [Appellant] where he was coming from and [Appellant] responded "McKenzie['s] Brew House."[2] Corporal Malone then asked [Appellant] if he had consumed any alcoholic beverages that evening and [Appellant] did not answer that question.

Corporal Malone then asked [Appellant] if he would exit the vehicle. While speaking with [Appellant], Corporal Malone detected a strong odor of an alcoholic beverage emitting from [Appellant]'s breath and person. [Appellant's eyes were red and his speech was slightly slow and slurred. N.T., 12/9/15, at 57, 61.] Corporal Malone decided to further investigate to determine if [Appellant] was safe to operate a motor vehicle.

Corporal Malone asked [Appellant] to submit to field sobriety tests. [Appellant] refused. Corporal Malone then asked [Appellant] to submit to a preliminary breath test (PBT). Again, [Appellant] refused. Corporal Malone determined based upon his observations of [Appellant] and his vast experience that [Appellant] could not safely operate a motor vehicle on the roadway and placed [Appellant] into custody. Corporal Malone then advised [Appellant] of the Implied Consent Law and [placed him under arrest] for suspicion of DUI. [Appellant] refused to allow his blood to be drawn and signed his refusal.

---

[2]  Corporal Malone testified that McKenzie's Brew House is a restaurant and microbrewery that sells alcoholic beverages. N.T., 12/9/15, at 24.

Trial Ct. Op., 7/12/16, at 2-3. Appellant was charged with DUI, exceeding the maximum speed limit, disregarding a traffic lane, and careless driving.

Prior to trial, Appellant filed a motion to suppress, alleging that the police lacked reasonable suspicion and/or probable cause to stop him and lacked probable cause to arrest him, and thus that all evidence and statements obtained as a result of the stop and arrest must be suppressed. The trial court held a suppression hearing on December 9, 2015, at which Corporal Malone was the only witness who testified. A Mobile Video Recording (MVR) from the night of the incident was also introduced into evidence. On January 20, 2016, the trial court issued an order denying Appellant's motion to suppress and setting forth findings of fact and conclusions of law.

The court concluded that the initial stop and the subsequent arrest were lawful, stating:

> Corporal Malone had reasonable suspicion that [Appellant] was violating the motor vehicle code. Corporal Malone clocked [Appellant]'s vehicle at 65 miles per hour in a 45 mile per hour zone for the statutory requisite distance of 3 tenths of a mile with a certified speedometer. The initial stop was therefore lawful.
>
> Upon approaching the vehicle, Corporal Malone smelled a strong odor of an alcoholic beverage coming from inside the motor vehicle. Upon exiting the vehicle Corporal Malone smelled a strong odor of an alcoholic beverage coming from [Appellant]. [Appellant] told Corporal Malone that he was coming from M[]cKenzie's Brew House. [Appellant] refused to participate in any field sobriety tests or to take the PBT. Those observations provided Corporal Malone with probable cause to arrest [Appellant] for driving under the influence of alcohol.

Order, 1/20/16, at 9.

On February 4, 2016, the trial court held a non-jury trial. The Commonwealth introduced, and the court admitted, the record from the suppression hearing. The Commonwealth also presented additional testimony from Corporal Malone. On February 8, 2016, the court found Appellant guilty of DUI, exceeding the maximum speed limit, and disregarding a traffic lane. The court found Appellant not guilty of careless driving.

On April 5, 2016, the trial court sentenced Appellant to 72 hours to 6 months of confinement for DUI, a $35 fine for exceeding the maximum speed limit, and a $25 fine for disregarding a traffic lane. On May 4, 2016, Appellant filed a timely notice of appeal.

Appellant raises the following issues, as stated in his brief:

Whether the trial court's findings were unsupported by the record as to the trial court's denial of [Appellant]'s Motion to Suppress which alleges that no motor vehicle violation occurred and the stop of [Appellant]'s vehicle lacked reasonable suspicion and/or probable cause.

Was the evidence sufficient to convict [Appellant] of the crime of Driving Under the Influence of Alcohol or a Controlled Substance – General Impairment[,] 75 Pa.C.S. § 3802(a)(1)[,] as to the elements of:

   i) imbib[ing] a sufficient amount of alcohol; and

   ii) whether [Appellant] was incapable of safe driving?

Appellant's Brief at 4 (some formatting; footnote omitted).

- 4 -

## Suppression

With regard to Appellant's suppression claim, this Court applies the following standard of review:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.
>
> Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress.

*Commonwealth v. Freeman*, 150 A.3d 32, 34-35 (Pa. Super. 2016) (citation omitted), *appeal denied*, No. 853 MAL 2016 (Pa. May 15, 2017).

Appellant argues that the trial court erred in denying his motion to suppress because the initial stop was unlawful.[3] Specifically, he claims that the trial court erroneously applied the reasonable suspicion standard, rather than the probable cause standard, to the stop, and that the Commonwealth

---

[3] In this appeal, Appellant has abandoned the argument, which he raised in the trial court, that the evidence Corporal Malone obtained as a result of the initial stop still did not provide probable cause for Corporal Malone to arrest him. Appellant's Brief at 4 n.1.

- 5 -

failed to establish probable cause that he was speeding. *See* Appellant's Brief at 20-29. Appellant asserts that the trial court's findings of fact are inconsistent with the MVR from the night of the incident, which shows Corporal Malone accelerating to catch up to Appellant. Appellant contends that the MVR proves that Corporal Malone did not maintain a constant speed for three tenths of a mile while clocking Appellant. *Id.* at 24. In addition, Appellant argues that the Commonwealth failed to prove that Corporal Malone had reasonable suspicion to stop him for disregarding a traffic lane and therefore lacked grounds to investigate whether he was driving under the influence of alcohol. *See id.* at 29-31.

The Commonwealth concedes, "the trial court incorrectly applied a reasonable suspicion standard to evaluate the trooper's ability to stop a car for the Motor Vehicle Code violations of speeding and failing to maintain a single lane." Commonwealth's Brief at 14. The Commonwealth argues, however, that this Court may affirm on grounds different from those of the trial court, and urges us to hold that Corporal Malone had probable cause to stop Appellant.

We agree with the parties that the trial court erroneously concluded that Corporal Malone needed only reasonable suspicion to stop Appellant for speeding. "[W]hen considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the

violation has to be considered." ***Commonwealth v. Salter***, 121 A.3d 987, 993 (Pa. Super. 2015).

> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, it is [i]ncumbent . . . upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, *which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code*.

***Freeman***, 150 A.3d at 35 (internal quotation marks and citations omitted, emphasis in original).

> If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while traveling upon a highway.

***Salter***, 121 A.3d at 993. Thus, the trial court erred in concluding that only reasonable suspicion was necessary to stop Appellant for speeding.

Although the trial court applied the incorrect standard for the stop, "if the record supports the result reached by the suppression court, we may affirm on any ground." ***Commonwealth v. Brown***, 64 A.3d 1101, 1105 n.3 (Pa. Super.) (citation omitted), ***appeal denied***, 70 A.3d 1096 (Pa. 2013). Thus, we can affirm the trial court's denial of Appellant's motion to suppress if we conclude that Corporal Malone had probable cause to stop Appellant for speeding. ***See id.***[4]

_____

[4] The trial court did not evaluate whether Corporal Malone had probable cause to stop Appellant for disregarding a traffic lane or reasonable suspicion
*(Footnote Continued Next Page)*

> To determine whether probable cause exists, we must consider whether the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime.

*Commonwealth v. Ibrahim*, 127 A.3d 819, 824 (Pa. Super. 2015) (citation and internal quotation marks omitted), *appeal denied*, 138 A.3d 3 (Pa. 2016). "[P]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." *Salter*, 121 A.3d at 994 (citation omitted).

In determining whether a person is exceeding the maximum speed limit:

> The rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile.

75 Pa.C.S. § 3368(a). In *Commonwealth v. Whitmyer*, 668 A.2d 1113 (Pa. 1995), the Supreme Court held that a police officer lacked probable cause to stop the defendant for driving at an unsafe speed because, among other reasons, the officer observed the defendant for less than the three-tenths of a mile distance set forth in Section 3368(a). *Id.* at 1117.[5]

_____

*(Footnote Continued)* _____

to stop Appellant for DUI, and, in light of our holding below, it is not necessary for us to do so in this appeal.

[5] Since our Supreme Court's holding in *Whitmyer*, the Vehicle Code provision setting forth the requirements a police officer must meet in order

*(Footnote Continued Next Page)*

Here, the trial court found "Corporal Malone clocked [Appellant's] vehicle traveling 65 miles per hour in a properly posted 45 mile per hour zone. The vehicle was followed for 0.7 miles and the speed was clocked for over 0.3 miles with a certified speedometer." Order, 1/20/16, Findings of Fact ¶ 4. Corporal Malone testified that he clocked Appellant for approximately seven tenths of a mile before the MVR was activated. Specifically, he testified that he began clocking Appellant at 65 miles per hour approximately two-tenths of a mile north of Smith Bridge Road, that Appellant accelerated when they reached Naamans Creek Road, and that the distance between Smith Bridge Road and Naamans Creek Road is seven-tenths of a mile. N.T., 12/9/15, at 20, 43. Corporal Malone testified that the MVR was not activated until "right before" Naamans Creek Road. *Id.* at 40. It does not follow, as Appellant argues, that because Corporal Malone's vehicle accelerated after the MVR was activated, Corporal Malone did not maintain a constant speed before that time. Because the trial court's findings of fact are supported by the record, we are bound by them. *See Freeman*, 150 A.3d at 35. We hold that Corporal Malone had probable

*(Footnote Continued)* —————————

to initiate a stop of a vehicle has changed. Specifically, the former version of 75 Pa.C.S. § 6308(b) required a police officer have "articulable and reasonable grounds to suspect a violation" of the Vehicle Code to effectuate a vehicle stop. The present version requires a police officer have "reasonable suspicion" that a violation of the Vehicle Code is occurring or had occurred in order to initiate a stop. Despite the change in language, this Court has continued to hold that a police officer must have probable cause to pull over a vehicle for speeding. *See Salter*, 121 A.3d at 993.

cause to stop Appellant for exceeding the maximum speed limit, and we affirm the trial court's denial of Appellant's motion to dismiss.[6]

**Sufficiency of the Evidence (DUI)**

In his second issue, Appellant contends that the evidence was insufficient to support his conviction of driving under the influence – general impairment, 75 Pa.C.S. § 3802(a)(1).[7]

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> As a reviewing court, we may not weigh the evidence or substitute our judgment for that of the fact-finder, who is free to believe all, part, or none of the evidence.

***Commonwealth v. Chambers***, 157 A.3d 508, 512 (Pa Super. 2017) (ellipses, citations, and some formatting omitted).

Subsection 3802(a)(1) of the Vehicle Code provides: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual

---

[6] Because Corporal Malone had probable cause for the stop based on Appellant's speeding, we need not resolve Appellant's alternative argument that the corporal lacked reasonable grounds to stop Appellant for driving across the lane line.

[7] Appellant does not challenge the sufficiency of the evidence with regard to exceeding the maximum speed limit or disregarding a traffic lane.

is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). "Thus, the Commonwealth must . . . prove: (1) that defendant was operating a motor vehicle, (2) after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving." **Commonwealth v. Kerry**, 906 A.2d 1237, 1241 (Pa. Super. 2006). Appellant challenges only the second element.

This Court has explained that Section 3802(a)(1) "is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving." **Kerry**, 906 A.2d at 1241 (citation omitted).

> The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech.

**Commonwealth v. Segida**, 985 A.2d 871, 879 (Pa. 2009).

In its opinion, the trial court concluded that the evidence was sufficient to prove that Appellant had imbibed a sufficient amount of alcohol such that he was rendered incapable of safely driving. Trial Ct. Op. at 8-9. Corporal Malone testified that Appellant was speeding and drifted out of his lane two times. Appellant admitted that he was coming from a microbrewery when

Corporal Malone stopped his car, and Corporal Malone testified that Appellant's eyes were red and his speech was slow and slurred, and that Appellant smelled of alcohol, did not respond when asked whether he had consumed any alcoholic beverages, and refused to take field sobriety tests or submit to a preliminary breath test.[8]  Viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court that the evidence was sufficient to prove a violation of Subsection 3802(a)(1).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2017

---

[8] 75 Pa.C.S. § 1547(e) provides:

> In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing . . . may be introduced in evidence along with other testimony concerning the circumstances of the refusal.  No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.