J-A12041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　:　　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
EDWARD TURNER　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　　:　　No. 1724 EDA 2022

Appeal from the Judgment of Sentence Entered June 8, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000941-2021

BEFORE:  OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:　　　　　**FILED AUGUST 16, 2023**

Edward Turner appeals from the judgment of sentence entered following his convictions for driving under the influence of a controlled substance ("DUI")-impaired ability, possession of drug paraphernalia, possession of small amount of marijuana, speeding, and careless driving.[1] Turner challenges the sufficiency of the evidence. We affirm.

Turner was arrested after being pulled over on State Route 22 for traveling at a high rate of speed. N.T. 5/2/22 at 30-32, 37. At Turner's trial, the Commonwealth presented the testimony of Trooper Robert Griffin of the Pennsylvania State Police. *Id.* at 24. Trooper Griffin testified that at the time of his testimony, he had been a trooper with the Pennsylvania State Police for nine years. *Id.* Throughout his career, Trooper Griffin had conducted

---

[1] 75 Pa.C.S.A. § 3802(d)(2); 35 P.S. § 780-113(a)(32); 35 P.S. § 780-113(a)(31)(i); 75 Pa.C.S.A. § 3362(a)(2); 75 Pa.C.S.A. § 3714(a).

thousands of traffic stops and completed approximately 250 DUI arrests, with roughly a quarter of those DUI arrests being related to marijuana use. *Id.* at 25, 112-13.

Trooper Griffin testified that he and his partner conducted a traffic stop of the car driven by Turner because Turner was traveling at 90 miles per hour in a 55 mile-per-hour zone. *Id.* at 30-31. While conducting the traffic stop and speaking with Turner, Trooper Griffin detected the smell of marijuana. *Id.* at 32. Trooper Griffin said that Turner then told him that he had partial marijuana cigarettes in the center console. *Id.* Trooper Griffin also observed that Turner had red eyes and a piece of green vegetable matter that he believed was marijuana in his beard. *Id.* at 32-33. When Trooper Griffin pointed out the green substance, Turner "flicked" it out of the window and onto the road. *Id.* at 33. Trooper Griffin testified that Turner admitted he had smoked marijuana approximately one hour before the traffic stop. *Id.*

Based on the interaction during the stop, Trooper Griffin asked Turner to get out of his vehicle to perform field sobriety tests, including the "walk and turn," "one-leg stand," and "Romberg" tests.[2] *Id.* at 35, 41, 105-06. Trooper Griffin stated that when Turner exited the vehicle, he smelled an odor of marijuana on Turner's person and breath. *Id.* at 34. During the field sobriety tests, Turner exhibited difficulty with balance and maintaining certain

_____

[2] The "Romberg" test is a balance and estimation test during where the subject is instructed to tilt their head back while standing with their arms at their side, and estimate the passage of thirty seconds. N.T., 5/2/22, at 105-06.

positions, stepped out of designated lines, and swayed.[3] *Id.* at 35, 94-95, 103, 109-10. He also exhibited glassy, bloodshot eyes, dilated pupils, and difficulty in following the trooper's instructions. *Id.* at 33-35. Additionally, Trooper Griffin testified that Turner had a green tongue, which Trooper Griffin stated was an indicator of marijuana use. *Id.* at 35. Trooper Griffin said Turner did not fumble when retrieving his license or slur his speech while answering questions. *Id.* at 76.

Trooper Griffin testified that he believed that Turner was under the influence of marijuana and impaired such that he was unable to drive safely, and he took Turner into custody. *Id.* at 37. Trooper Griffin said he made the decision to arrest Turner based on the "totality of the circumstances," consisting of the field test results, the high rate of speed, Turner's admission to smoking marijuana prior to the stop, the presence of marijuana in the center console, the strong marijuana odor, the substance on Turner's beard, and Turner's bloodshot, glassy eyes. *Id.* at 42.

Trooper Griffin further testified that a search of Turner's vehicle revealed eight partially burned cigarettes and a bag containing a green leafy substance, both later confirmed to contain marijuana. *Id.* at 44, 46. Trooper Griffin took Turner to Lehigh Valley Muhlenberg Hospital for a blood draw, but Turner refused the blood draw and refused to sign an implied consent warnings form. *Id.* at 49-52; Commonwealth Exh. at 3. Turner stated that he had already

---

[3] The Commonwealth presented video of the traffic stop and search to the jury, which included the completion of the field sobriety tests. *Id.* at 38-39.

told Trooper Griffin that he had used marijuana and questioned the need for a blood draw. N.T. 5/2/22 at 51. After the refusal, Trooper Griffin decided to transport Turner to the police barracks and request a search warrant for a blood sample. *Id.* at 52-53. While being transported to the barracks, Turner stated that he wanted to give blood, but still refused to sign the implied consent form. *Id.* at 53. Trooper Griffin applied for a search that was approved later that morning. *Id.* at 56-58. Upon receipt of the search warrant, Turner was transported to another local hospital where he once again refused to submit to a blood draw. *Id.* at 58.

A jury convicted Turner of possession of drug paraphernalia. The trial court convicted Turner of DUI-impaired ability, possession of small amount of marijuana, speeding, and careless driving. The trial court sentenced Turner to three days to six months' incarceration and a $1,000 fine for the DUI conviction; a concurrent period of 12 months' probation and a fine for the possession of drug paraphernalia conviction; and fines for the possession of a small amount of marijuana, speeding, and careless driving convictions. Turner filed a timely appeal.

Turner raises the following issue:

> Should the Court vacate [Turner's] conviction for DUI controlled substance— general impairment where (a) the sole basis for the traffic stop was speeding (b) expert testimony is required to link marijuana use to the inability to safely drive (c) the arresting officer lacked the required expertise (d) the [field sobriety tests] were not probative of marijuana impairment and (e) less than 7 minutes elapsed between the initial stop and [Turner's] arrest for suspected DUI?

Turner's Br. at 4.

When reviewing a challenge to the sufficiency of the evidence, we "must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." **Commonwealth v. Feliciano**, 67 A.3d 19, 23 (Pa.Super. 2013) (*en banc*) (citation omitted). In conducting this analysis, we may not substitute our judgment for that of the factfinder. **See Commonwealth v. Patterson**, 180 A.3d 1217, 1230 (Pa.Super. 2018). The Commonwealth's evidence need not preclude every possibility of innocence and it may carry its burden of proving guilt beyond a reasonable doubt with wholly circumstantial evidence. **See Feliciano**, 67 A.3d at 23; **Patterson**, 180 A.3d at 1229. The factfinder is free to believe all, part, or none of the evidence. **Id.**

Turner claims the Commonwealth failed to present sufficient evidence to sustain the DUI conviction. He argues that expert testimony was necessary to link his admitted marijuana use to his purported inability to operate his vehicle safely. Turner claims that the required expertise was absent in this case because Trooper Griffin lacked the necessary expertise to link Turner's marijuana usage to his inability to drive safely, and the court should have excluded the trooper's lay testimony. **See** Turner's Br. at 13, 16.

Turner further contends that the field sobriety tests were not probative of marijuana impairment, noting that, among other things, Turner estimated the passage of 30 seconds in 29 seconds. Turner relies on **Commonwealth**

- 5 -

*v. Gause*, 164 A.3d 532 (Pa.Super. 2017) (*en banc*), to support his sufficiency claim. He claims that the Court in *Gause* emphasized a need for expert testimony to establish a DUI controlled substance charge, "unless the circumstances are so telling of recent marijuana use" that a clear connection between marijuana use and impairment is formed. Turner's Br. at 14 (quoting *Gause*, 164 A.3d at 537).

Turner has improperly conflated the issue of admissibility of opinion testimony and the sufficiency of the evidence. We do not review based on a diminished record. Rather, we review the sufficiency claims based on the entirety of the evidence received, without consideration of its admissibility. *See Commonwealth v. Arias*, 286 A.3d 341, 350 (Pa.Super. 2022). To the extent Turner challenges the admissibility of Trooper Griffin's opinions, he waived the issue by not including it in his Statement of Questions Presented and his Pa.R.A.P. 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2116(a).

The crime of DUI-impaired ability provides, in relevant part, that, "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle," when "[t]he individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802 (d)(2). The Commonwealth must establish that the defendant was "'under the influence of a drug to a degree that impairs' his or her ability to safely drive or operate a vehicle."

*Commonwealth v. Williamson*, 962 A.2d 1200, 1204 (Pa.Super. 2008) (citation omitted). Expert testimony is not mandatory in every prosecution to establish that a defendant's inability to drive safely was caused by the ingestion of a controlled substance. *See Commonwealth v. Griffith*, 32 A.3d 1231, 1239 (Pa. 2001). Rather, "[t]he need for expert testimony in a subsection 3802(d)(2) prosecution must be evaluated on a case-by-case basis, taking into account not just the specific drug at issue, prescription or otherwise, but also the nature and overall strength of the Commonwealth's evidence." *Id.* Evidence that the defendant refused to undergo blood testing is admissible as evidence of consciousness of guilt. 75 Pa.C.S.A. § 1547(e); *Commonwealth v. Bell*, 211 A.3d 761, 763-64, 776 (Pa. 2019).

Turner's argument lacks merit. In *Gause*, an officer initiated a traffic stop of the defendant's vehicle for failure to have working taillights. 164 A.3d at 535. During the stop, the defendant provided his license and registration without fumbling. *Id.* The officer smelled alcohol and the defendant admitted that he had consumed one beer before driving. *Id.* The defendant also completed, "with varying levels of success," multiple field sobriety tests. *Id.* Among the field sobriety tests was a Romberg test, which the responding officer stated she administers when she suspects marijuana use. *Id.* The officer testified that she did not smell or see marijuana, but suspected marijuana use because the defendant exhibited eyelid tremors, which the officer associated with recent marijuana ingestion. *Id.* at 535-37. On appeal, the defendant challenged the admissibility of the officer's lay opinion that

eyelid tremors are indicative of marijuana impairment. He contended that such an opinion required expert testimony and that the officer's lay opinion as insufficient to carry the Commonwealth's burden of proof. ***Id.*** at 536-37.

We agreed. We characterized ***Griffith*** as holding "that expert testimony is not necessary to establish impairment under subsection 3802(d)(2) where there exists other independent evidence of impairment." ***Id.*** at 538. We concluded that attributing body or eyelid tremors to marijuana use required specialized knowledge and therefore the officer's lay opinion testimony was inadmissible. ***Id.*** at 539. We therefore vacated the conviction because without the officer's lay opinion, there was a "total lack of proof that [the defendant] was under the influence of a drug to a degree that his ability to safely drive was impaired." ***Id.*** at 540.

In ***Commonwealth v. Hutchins***, 42 A.3d 302, 304-05 (Pa.Super. 2012), the defendant was involved in an accident and admitted at the accident scene that the accident was his fault and said he had smoked marijuana earlier in the day. He argued that evidence of marijuana metabolites in his blood, "without expert explanation," was insufficient to prove he was under the influence of marijuana at the time of the accident. ***Id.*** at 308. We agreed with the appellant that, for purposes of establishing that he was incapable of driving safely, reliance upon test results showing the presence of marijuana metabolites in his blood was improper. We explained that the meaning of their presence in terms of his ability to drive safely was "not an issue within the knowledge of an ordinary layman." ***Id.***

We nonetheless found the evidence sufficient, finding other evidence supported the finding that he was intoxicated to such an extent as to be unable to drive safely. We pointed out that although his three daughters were injured, covered in glass, and crying, the appellant was "unusually calm in his demeanor." *Id.* at 308. We further noted that he admitted to using marijuana earlier in the day, there was a marijuana odor in the car, and the police found marijuana in the appellant's car. We concluded such evidence was sufficient to prove the appellant unable to safely operate his vehicle due to marijuana use. *Id.* at 309.

Here, the Commonwealth presented sufficient evidence to support the conviction and did not need to present expert testimony. Perhaps most importantly, unlike the defendant in *Gause*, but like the defendant in *Hutchins*, Turner told Trooper Griffin that he had ingested marijuana only one hour before driving, and Trooper Griffin found marijuana cigarettes in the vehicle's center console. Additionally, unlike the defendant in *Gause*, Turner was driving at an excessive speed, had bloodshot eyes, and smelled of marijuana. Further, Trooper Griffin observed green matter in Turner's beard, which Trooper Griffin suspected to be marijuana and which Turner "flicked" from his beard onto a road. Moreover, Turner had difficulty with some aspects of the field sobriety tests and refused a blood draw. The Commonwealth presented sufficient evidence that Turner was driving under the influence of marijuana while being impaired to a degree that impacted his ability to drive safely. *See Hutchins*, 42 A.3d at 307-11; *see also Commonwealth v.*

***Kerry***, 906 A.2d 1237, 1238-39, 1241 (Pa.Super. 2006) (finding four cans of beer on appellant's person, bloodshot eyes, and odor of alcohol sufficient evidence to convict on DUI charge). Considering the specific drug at issue, the nature of the case, and the strength of the Commonwealth's evidence, expert testimony was not required in this instance to establish impairment by marijuana use. ***See Hutchins***, 42 A.3d at 307-11.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2023