J-S37007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES GRAY | : | |
| | : | |
| Appellant | : | No. 606 EDA 2021 |

Appeal from the Judgment of Sentence Entered January 26, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008947-2019

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED FEBRUARY 25, 2022**

James Gray appeals from the judgment of sentence imposed following

his conviction of aggravated assault, possession of an instrument of crime

("PIC"), simple assault and recklessly endangering another person ("REAP").[1]

Gray now challenges the sufficiency of the evidence supporting his aggravated

assault conviction. We affirm.

On October 11, 2019, Gray and Jonathan McLean were working for Killer

Drains Plumbing to repair holes in the sidewalk on Boyer Street in Philadelphia.

The two men were the only people in the area, and their supervisor was

positioned at least 100 feet away. Gray was standing in the bed of a pick-up

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2702(a)(4), 907, 2701, 2705.

truck shoveling cement into buckets. McLean would then take the filled buckets to their supervisor, who poured the cement into the holes. At some point during the day, McLean told Gray that he was waiting for Gray to put cement into the buckets. Gray angrily asked McLean, "What did you just say?" McLean then turned away from Gray. McLean had no memory of the ensuing events until he woke up on the sidewalk bleeding.

When McLean awoke, he asked Gray what had happened and received no answer. When the men's supervisor saw McLean's injuries, he took McLean to the hospital. McLean suffered injuries to his face, nose and the back of his head, as well as a fractured frontal bone.

Several days later, McLean reported the incident to police. Police subsequently obtained an arrest warrant; Gray was arrested and charged with aggravated assault, graded as a first-degree felony; aggravated assault, graded as a second-degree felony; PIC; simple assault and REAP.

Following a bench trial on September 10, 2020, the trial court found Gray not guilty of aggravated assault, graded as a first-degree felony, and convicted Gray of the remaining charges. The trial court deferred sentencing for completion of a pre-sentence investigation report and a mental health assessment.

On January 26, 2021, the trial court sentenced Gray to 3 to 6 years in prison, with credit for time served, followed by a maximum of 4 years of

probation for his aggravated assault conviction.[2] For his PIC conviction, the trial court imposed a prison term of 1 to 3 years. The trial court also sentenced Gray to a maximum of 2 years of probation for his REAP conviction. The court directed the prison terms to run consecutive to one another and the probationary terms to run concurrently with one another.

Gray filed a timely post-sentence motion challenging, *inter alia*, the discretionary aspects of his sentence. The trial court granted the motion in part and denied the motion in part. On February 23, 2021, the trial court entered an amended sentencing order directing the prison sentences to run concurrently with one another. Gray filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

On appeal, Gray argues the evidence was insufficient to sustain his conviction of aggravated assault.[3] Gray claims that the evidence against him was circumstantial and also supported an interpretation that the incident was

---

[2] The simple assault and aggravated assault convictions merged for sentencing purposes.

[3] In his appellate brief, Gray does not specify which conviction or convictions he intends to challenge, nor does he set forth the elements of any of the offenses. Instead, Gray asserts that "his convictions must be vacated." Appellant's Brief at 10. In his Rule 1925(b) concise statement, Gray challenged the sufficiency of the evidence supporting his aggravated assault conviction. We therefore limit our review of Gray's argument accordingly. **See Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020) (stating that "any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review.").

accidental. *See* Appellant's Brief at 10, 13. Gray points to McLean's testimony that initially McLean was unsure whether he had been struck intentionally or accidentally and the fact that McLean declined to report the incident to police until several days later. *See id.* at 13-14. Gray also asserts that a statement he made on the prison phone was not an admission of guilt, but rather, an ambiguous statement offered without context. *See id.* at 14-15. According to Gray, his failure to apologize to McLean cannot be indicative of his guilt. *See id.* at 15.

In reviewing sufficiency challenges, our standard of review is deferential to the fact finder:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

- 4 -

***Commonwealth v. Sebolka***, 205 A.3d 329, 336-37 (Pa. Super. 2010) (citation and brackets omitted).

A person is guilty of aggravated assault, graded as a second-degree felony, if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S.A. § 2702(a)(4). "Bodily injury" is defined as an "[i]mpairment of physical condition or substantial pain." ***Id.*** § 2301. "An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances." ***Commonwealth v. Fortune***, 68 A.3d 980, 984 (Pa. Super. 2013) (*en banc*).

The evidence presented during the bench trial, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to enable the trial court to conclude that Gray intentionally or knowingly caused bodily injury to McLean. McLean testified that he began working for Killer Drains Plumbing in September 2019, and he had a good relationship with Gray prior to the date of this incident. ***See*** N.T., Bench Trial, 9/10/20, at 16-17. On October 11, 2019, McLean, Gray and their supervisor were pouring cement to fill holes in the sidewalk. ***See id.*** at 17-18. McLean described James standing in the bed of a pick-up truck with a shovel in his hand while McLean stood on the sidewalk next to the truck. ***See id.*** at 18-19, 21; ***see also id.*** at 19 (wherein McLean stated that their supervisor was about 100 feet away at that time). McLean was holding two buckets and told Gray that he was waiting for Gray to fill the buckets with cement. ***See id.*** at 18, 20. According to McLean,

- 5 -

Gray asked McLean what he had said "in an anger attitude." *Id.* at 19. McLean could not remember what next transpired, until he woke up on the sidewalk bleeding. *See id.* at 21.

When McLean awoke, he felt pain in his forehead, nose, mouth and the back of his head. *See id.* at 22-23. McLean testified that a neighbor offered him a drink of water and a rag to wipe his face. *See id.* According to McLean, he had asked Gray what had happened but got no response, nor did Gray offer any assistance. *See id.* at 23; *see also id.* at 42 (wherein McLean testified that Gray never apologized to him). McLean's supervisor then took McLean to the emergency room, where he learned that he had suffered a fracture to the frontal bone. *See id.* at 23-24.[4] The Commonwealth introduced into evidence photographs of McLean's injuries and McLean medical records. *See id.* at 30-31 (wherein photographs depicting McLean's injuries were admitted into evidence as Exhibit C-6(c), (d), (e), and (f)); *id.* at 75 (wherein the parties stipulated to the entry of McLean's hospital records as Exhibit C-10).

McLean testified that he went to the police station on the Sunday after the incident to report the assault. *See id.* at 31. The case was transferred to another district, and McLean spoke with a detective a few days later. *See id.*

---

[4] McLean spent three to four weeks recovering from his injuries, and experienced headaches and memory loss. *See* N.T., Bench Trial, 9/10/20, at 25, 33-34. McLean indicated that he had tried to return to work on one occasion, but he had flashbacks and no longer felt comfortable working with Killer Drains Plumbing. *See id.* at 25-26.

at 32. The parties stipulated that when police executed the arrest warrant on November 21, 2019, Gray "attempted to flee with such force that he repeatedly pulled away tearing his clothing. He made it about 10-15 feet away until he was finally apprehended." *Id.* at 71.

The Commonwealth also introduced an audio recording of a call Gray made from prison on the day of his preliminary hearing. *See id.* at 72 (wherein the Commonwealth introduced the disc into evidence as Exhibit C-14). During the call, Gray said, "He didn't see me hit him." *Id.* at 75.[5] The trial court, as finder of fact, was free to weigh this evidence in light of the surrounding circumstances.

In support of his contention, Gray cites *Commonwealth v. Bybel*, wherein our Supreme Court concluded there was insufficient evidence supporting the appellant's conviction, where his guilt was "not the only reasonable interpretation of the facts adduced against him." 611 A.2d 188, 189 (Pa. 1992). The *Bybel* case is readily distinguishable from the facts at hand. In *Bybel*, a motorcyclist was found dead near a path crossing Bybel's land; Bybel previously had threatened motorcyclists who trespassed on his

_____

[5] Gray's counsel did not object to the audio recording's admission into evidence. However, counsel moved for a judgment of acquittal, arguing, in part, that the recording "means absolutely nothing" because discerning Gray's meaning in making the statement requires speculation. N.T., Bench Trial, 9/10/20, at 76. After hearing counsel's remaining arguments and rebuttal by the Commonwealth, the trial court denied Gray's motion for judgment of acquittal. *See id.* at 84.

property; and the murder weapon—a .22 caliber rifle—was subsequently found in Bybel's basement. *See id.* However, there was no evidence establishing either Bybel's presence at the scene, or his possession of the rifle at the time of the shooting. *See id.*; *see also id.* (noting that Bybel's rifle had been confiscated 7 months prior and was later released to his daughter). Here, in contrast to *Bybel*, the evidence presented during Gray's bench trial established Gray was in possession of the shovel used to hit McLean, and he was the only person close enough to McLean to deliver the blow. Under the totality of the circumstances, a reasonable fact finder could conclude that Gray hit McLean in the back of the head with a shovel, with the intent to cause bodily harm.

As we find Gray's sole issue on appeal merits no relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2022

- 8 -