J-S18026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN DOUGLAS PASCOE | : | |
| | : | |
| Appellant | : | No. 773 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 11, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002617-2023

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED:  October 1, 2025**

Appellant Nathan Douglas Pascoe appeals from the judgment of sentence entered following his convictions for driving under the influence (DUI) of alcohol—general impairment, DUI—drug, and DUI—combination of alcohol and a drug.[1]  On appeal, Appellant challenges the sufficiency of the evidence.   After review, we affirm Appellant's convictions, vacate the judgment of sentence, and remand for resentencing consistent with this memorandum.

The trial court summarized the underlying facts of this case as follows:

[On] February 23, 2023[,] Bethel Park police sergeant Colby Grubich [was] working the midnight shift . . . monitoring traffic on Library Road. . . [when he observed] a large, black SUV heading

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1), (d)(2), and (d)(3), respectively.

south on Library Road . . . at a high rate of speed. [Sergeant Colby] estimate[d the SUV's speed as] above "50 miles an hour" in a 25-mile an hour zone. [N.T., 1/11/24, at] 6. Sgt. Grubich pull[ed] out and beg[an] to chase . . . [and m]aybe a quarter mile down the road [caught] up to the car. During the chase, he observe[d] "erratic" driving, described as a movement within his lane. He [saw] a crossing of the double yellow line. [*Id.* at] 7. He [saw] a touch of the white fog line followed by an "overcorrection." That reaction caused the car to cross over the double-yellow for a second time. [*Id.* at 7-]13. The sergeant [] broadcast[ed] this information and the car's direction as it[] happen[ed]. Two junior officers hear[d] the broadcast . . . [and] after the black SUV passe[d] their location, they pull[ed] out and effectuate[d] a traffic stop. [*Id.* at 8-]9.

Sgt. Grub[i]ch [testified that Appellant] admit[ed] to speeding and having a beverage with alcohol. [*Id.* at] 10-11. . . .

[O]fficer[] . . . Cody Alward . . . observed his colleague do a first round of field sobriety tests. Officer Alward noticed "slightly slurred" speech and an odor of alcohol coming from [Appellant]. [*Id.* at] 17, 30. Upon completion [of the first round of tests], Officer Alward did "supplemental field sobriety testing[,]" based upon specialized training . . . known as ARIDE.[2] [*Id.* at 17]. . . . Both exams indicated "impairment[]" [and] prompted [Officer Alward to ask,] "Have you taken any controlled substances?" [to which Appellant responded,] "Yes, I am 'prescribed Gabapentin.'" [*Id.* at 8,] 20.[3] [Appellant] also revealed . . . that he had had about "four mixed drinks" from maybe 11 p.m. until 1:30 a.m. [*Id.* at] 20. Officer Alward . . . [testified to] his conclusion of impairment and the four reasons supporting that conclusion. [*Id.* at] 21.

. . . [T]he defense . . . admit[ed] the dash camera video, which showed [Appellant's] performance during the initial field sobriety

---

[2] "ARIDE" is an acronym for "Advanced Roadside Impaired Driving Enforcement." ***See Commonwealth v. Sanchez***, 326 A.3d 926, 929 (Pa. Super. 2024).

[3] "Gabapentin is an anticonvulsive medication." Appellant's Brief at 10 n.1 (citing Rama Yasaei, *et al*., Gabapentin, National Center for Biotechnology Information, February 21, 2024, https://www.ncbi.nlm.nih.gov/books/NBK493228/).

tests conducted by the third officer on the scene, Officer Craig
Szablewski. [*Id.* at] 24.

Trial Ct. Op. at 1-3 (some formatting altered).

At trial, Officer Alward also testified to Appellant's performance on the
ARIDE tests, stating that the "modified Romberg" test indicated "impairment,"
as Appellant's estimation of thirty seconds was off by ten seconds, but noted
that the margin of error was ten seconds; that on the "lack of convergence"
test Appellant's "left eye failed to converge properly[,]" again indicating
impairment; and that Appellant did not indicate that he had any "physical
limitations that would affect his performance" on these tests. N.T., 1/11/24,
at 18-20. Officer Alward also testified that on the "walk-and-turn" test
administered during the first round of sobriety tests, Appellant "was supposed
to count in thousands" but "just counted in ones" and, further, that Appellant
"swayed" during the test. *Id.* at 27-28.

Ultimately, the trial court found Appellant guilty of all three DUI counts
and sentenced Appellant to four days of confinement in an alternative program
on DUI—drug (Count 1). *See* Order of Sentence, 1/11/24. Further, the trial
court concluded that Appellant's convictions for DUI—general impairment
under 75 Pa.C.S. § 3802(a)(1) (Count 3) and DUI—combination of alcohol and
a drug under 75 Pa.C.S. § 3802(d)(3) (Count 2) merged with Count 1 for
sentencing purposes. *See id.*

Appellant filed a post-sentence motion, which the trial court denied on May 23, 2024. Appellant then filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for our review:

Whether [Appellant's] DUI convictions must be reversed where the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant's] prescribed Gabapentin and/or alcohol consumption inhibited his ability to safely drive or operate a vehicle.

Appellant's Brief at 5.

**Sufficiency of the Evidence**

In his brief, Appellant acknowledges he consumed alcohol and took a drug and drove over the speed limit and, further, that the Commonwealth presented evidence that he drove erratically, that his "speech was slightly slurred[,] and [that] he smelled of alcohol," but notes that the Commonwealth failed to present any blood test or breathalyzer results. *Id.* at 7, 10, 16, 19, 20. Appellant claims, however, that despite consuming alcohol and a drug he "successfully completed multiple roadside tests with minimal difficulty" and that "[p]oor driving is not the same thing as being incapable of safe driving." *Id.* at 18-21. Appellant argues that his convictions should be reversed because "his guilt of the crime charged is not the only reasonable interpretation of which the facts adduced against him are susceptible." *Id.* at 15-16 (citing *Commonwealth v. Bybel*, 611 A.2d 188, 189 (Pa. 1992)). Pursuant to *Bybel*, Appellant contends that "the Commonwealth failed to

- 4 -

establish beyond a reasonable doubt[] that [he] was under the influence of drugs and/or alcohol 'to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movements of the vehicle.'" *Id.* at 21-22.

The Commonwealth responds that its burden was to present evidence of impairment – that is, Appellant's inability "to drive safely due to consumption of" alcohol, a drug, or a combination of alcohol and a drug – rather than to establish "a particular blood alcohol level." Commonwealth's Brief at 12 (citation omitted). Further, the Commonwealth explains that "impairment" is not an "extreme condition of disability," but rather "a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions." *Id.* at 11-12 (citing *Commonwealth v. Kerry*, 906 A.2d 1237, 1241 (Pa. Super. 2006) and *Commonwealth v. Clemens*, 242 A.3d 659, 665 (Pa. Super. 2020)).

"A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Commonwealth v. James*, 297 A.3d 755, 764 (Pa. Super. 2023) (citations omitted and formatting altered), *appeal denied*, 309 A.3d 691 (Pa. 2023).

Specifically, we must determine whether,

> viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond

a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime . . . by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Graham*, 81 A.3d 137, 142 (Pa. Super. 2013) (citation omitted); *see also Commonwealth v. Segida*, 985 A.2d 871, 880 (Pa. 2009).

The DUI offenses at issue here are set forth in the Motor Vehicle Code as follows:

**(a) General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

\*       \*       \*

**(d) Controlled substances.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

\*       \*       \*

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's

ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

(3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1), (d)(2), (d)(3).

In reviewing a sufficiency claim attacking a DUI conviction, we "focus [on] whether the totality of the evidence proved that the defendant's inability to drive safely was the result of the influence of [alcohol or] a drug[.]" *Graham*, 81 A.3d at 144 (citing *Commonwealth v. Griffith*, 32 A.3d 1231, 1238 (Pa. 2011)); *see also Commonwealth v. Spence*, 290 A.3d 301, 309 (Pa. Super. 2023) (stating that "impairment evidence should be drawn from the totality of the factual circumstances" (citation omitted)).

In *Graham*, this Court explained that for the DUI offenses at Subsections 3802(a)(1) and 3802(d)(2), the Commonwealth may "satisfy its burdens of production and proof with expert or lay evidence." *Graham*, 81 A.3d at 144-45 (citing *Griffith*, 32 A.3d at 1238-40); *see also Griffith*, 32 A.3d at 1238 (explaining that "under the general impairment provision set forth in [S]ubsection 3802(a)(1), a blood or breath test to determine alcohol level is not required . . . . Although the Commonwealth **may** proffer [such evidence] to establish that the defendant had sufficient alcohol to be rendered incapable of driving safely" (citing *Segida*, 985 A.2d at 879) (emphasis original). The *Graham* Court further held that the *Griffith* standard is applicable to Subsection 3802(d)(3) (DUI—combination of alcohol and a

drug), noting that "both subsections[, (d)(2) and (d)(3),] use the same 'general language' of impairment that is contained in 75 Pa.C.S.[] § 3802(a)(1) . . . ." **Graham**, 81 A.3d at 145 (citing **Griffith**, 32 A.3d at 1239). In sum, pursuant to **Griffith** and **Graham**, for the DUI offenses set forth in 75 Pa.C.S. §§ 3802(a)(1), (d)(2), and (d)(3), we apply the same evidentiary standard to determine whether there was sufficient evidence to find the element of 'impairment.' **Id.** at 144-45; **see also Griffith**, 32 A.3d at 1239-40.

To establish 'impairment,' the Commonwealth may present evidence such as the defendant's "actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol; and slurred speech." **Segida**, 985 A.2d at 879.

Following our review of the record and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court's conclusion that there was sufficient evidence to support Appellant's conviction for DUI. **See James**, 297 A.3d at 764; *see* **Graham**, 81 A.3d at 142; **see Segida**, 985 A.2d at 880.

As noted previously, the Commonwealth is not required to present blood or breath test results to establish 'impairment.' **See Griffith**, 32 A.3d at 1238. Further, to the extent Appellant argues that he "successfully completed" the field sobriety tests, that claim is not supported by the record. **See Graham**,

- 8 -

81 A.3d at 142; *see* N.T., 1/11/24, at 18-20, 27-28.[4]  Therefore, we agree with the trial court that the Commonwealth presented sufficient evidence to establish that Appellant had driven a vehicle while impaired by a combination of alcohol and a drug.  *See Graham*, 81 A.3d at 142; *Segida*, 985 A.2d at 879; *see also Graham*, 81 A.3d at 144; *Griffith*, 32 A.3d at 1238; *Spence*, 290 A.3d at 309; *see also Kerry*, 906 A.2d at 1241; *Clemens*, 242 A.3d at 665.

To the extent Appellant relies on *Bybel* for the proposition that "guilt of the crime charged is not the only reasonable interpretation of which the facts adduced against him are susceptible," we decline Appellant's invitation to re-weigh the trial court's conclusions.  It is well settled that the evidence establishing a DUI offense "need not preclude every possibility of innocence" and that the Commonwealth "may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence."  *Graham*, 81 A.3d at 142; *Segida*, 985 A.2d at 880.  For these reasons, we find no error by the trial court and affirm Appellant's convictions.  *See Graham*, 81 A.3d at 142; *Segida*, 985 A.2d at 880.

**Legality of Sentence**

---

[4] As noted previously, the Commonwealth's evidence included Officer Alward's testimony describing how Appellant failed several field sobriety tests as well as video of Appellant's performance in the first set of sobriety tests.  *See* N.T., 1/11/24, at 18-20, 27-28.  Accordingly, the trial court was within its discretion to find that Appellant failed these sobriety tests and it is not this Court's role to re-weigh the evidence to conclude otherwise.  *See Graham*, 81 A.3d at 142; *see Segida*, 985 A.2d at 880.

Finally, we must address the legality of Appellant's sentence. As stated above, the trial court merged the offenses of DUI—general impairment, Subsection 3802(a)(1), and DUI—combination of alcohol and a drug, Subsection 3802(d)(3), with DUI—drug, Subsection 3802(d)(2). **See** Order of Sentence, 1/11/24.

Although Appellant did not raise a merger issue in his brief, it is well settled that merger implicates the legality of the sentence, and the legality of a sentence is an issue this Court may raise *sua sponte*. **See Commonwealth v. Watson**, 228 A.3d 928, 941 (Pa. Super. 2020); **see also Commonwealth v. Edwards**, 256 A.3d 1130, 1136 (Pa. 2021) (stating that merger "raises a non-waivable challenge to the legality of the sentence" (citation omitted)). Our standard of review for legality of sentence is *de novo* and our scope of review is plenary. **See Edwards**, 256 A.3d at 1136.

> Subsection 9765 of the Sentencing Code provides as follows:
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

As consumption of alcohol is not an element of the offense at Subsection 3802(d)(2), DUI—drug, we are constrained to conclude that the offenses of DUI—combination of alcohol and a drug at Subsection 3802(d)(3) and DUI—general impairment under Subsection 3802(a)(1) do not merge with the

offense at Subsection 3802(d)(2). **See** 42 Pa.C.S. § 9765; **see also** 75 Pa.C.S. §§ 3802(a)(1), (d)(2), and (d)(3). Accordingly, we conclude that Appellant's sentence is illegal, and we vacate the judgment of sentence and remand for resentencing consistent with the merger statute. **See Watson**, 228 A.3d at 941; **see also Edwards**, 256 A.3d at 1136.

Convictions affirmed. Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/01/2025